■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN D. McCLAIN, Appellant. (Appeal No. 1.) [821 NYS2d 729]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered May 23, 2003. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is reversed on the law, the plea is vacated, those parts of the motion seeking to suppress physical evidence seized from defendant's vehicle, showup identifications and statements made by defendant to the police are granted and the matter is remitted to Monroe County Court for further proceedings on the indictment.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his guilty plea of robbery in the second degree (Penal Law § 160.10 [2] [b]). In appeal No. 2, defendant appeals from a judgment convicting him upon his guilty plea of seven counts of robbery in the second degree (*id.*) and two counts of attempted robbery in the second degree (§§ 110.00, 160.10 [2] [b]). We agree with defendant with respect to both appeals that County Court erred in denying those parts of his motion seeking to suppress evidence obtained as a result of his arrest without probable cause, i.e., the gun that was seized from defendant's vehicle, showup identifications and defendant's

statements to the police. Contrary to the People's contention and the conclusion of the court, the actions of the police officers in drawing their guns, handcuffing and frisking defendant, and transporting defendant, while handcuffed, to the scene of the robbery amounted to an arrest of defendant (*see People v Brnja*, 50 NY2d 366, 372 [1980]; *see also People v Battaglia*, 56 NY2d 558, [1982], *revg* 82 AD2d 389 [1981] *on dissenting op of Hancock, Jr., J.*). The People make no claim that the police had probable cause to arrest defendant at the time of those police actions. Therefore, in each appeal, we reverse the judgment, vacate defendant's guilty plea, grant those parts of the motion of defendant seeking to suppress the physical evidence seized from defendant's vehicle, showup identifications and statements made by defendant to the police and remit the matter to County Court for further proceedings on the indictment.

All concur, Hayes, J., not participating. Present—Gorski, J.P., Martoche, Green, Pine and Hayes, JJ.